Curia, per

O’Neall, J.
In Kent’s Commentaries, 2d vol. 613, it is said that “the authority of the agent may be created by deed, or writing, or verbally, without writing; and for the ordinary purposes of business and commerce, the latter is sufficient.” This authority fully justifies the instruction of the Judge below, to the jury. For there is no law which directs that an attorney confessing a judgment after suit brought, should be authorized so to do .by writing. The Act of 1785 declares all powers of attorney, to confess judgment before suit brought, to be void, leaving of course, confessions after suit brought, to the common law.
In this case, there were many facts which might have authorised the conclusion (if the plaintiffs in this issue did not sign the confession,) that they authorized it to be done. They had accepted the service of the writ; they had entered no appearance; the case stood on the inquiry docket under a judgment by default; the confession was for their benefit, as it gave them the means of obtaining an earlier lien on their co-defendant, Dial’s, property; and the case, when called on the inquiry docket was, in term time, marked “judgment confessed.”
After these facts are grouped together, there can be, I think, no doubt that the confession was the act of the plaintiffs and Dial, or his act alone, authorized by them. On comparing, however, the signatures to the confession with the admitted signatures of these plaintiffs, I think that there is little doubt that' they signed the confession. It is true that William C. Gary, the supposed witness to the confession, said he did not sign any such pa *118 per ; that may be true; for the name of the witness to the confession does not seem to me to be William C. Gary, but to be Mr. C. Garey. But be that as it may, if the jury believed, on examination, the signature of these plaintiffs to be genuine, or that they authorized Garlington C. Dial to confess in their names, then the verdict is right; and we think the evidence was abundant to support either of these conclusions. But it is urged, even if the verdict be right, on the evidence before the court, yet, inasmuch as the judge rejected evidence, offered to shew that the note, the predicate of the action and judgment, was a forgery, that a new trial should be granted.' We agree with the Judge below, that the evidence was inadmissible. The issue, as presented by these plaintiffs, was, that the confession of judgment was not genuine, but a fraud and a forgery, so far as relates to them. This is nothing more than a simple allegation by them, that their signatures to the judgment were forged. Proof that the note was forged, was altogether outside of this issue. The motion for a new trial is dismissed.
Evans, Earle, Butler and Wardlaw, JJ., concurred.